IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN LYNN, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-2299-S-BW | |
| § | | |
| U.S. BANK TRUST NATIONAL § | | |
| ASSOCIATION, not in its individual § | | |
| capacity but solely as owner trustee § | | |
| for RCT2 Acquisition Trust., et al., § | | |
|     Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are pro se Plaintiff Kevin Lynn's Complaint for Violation of Civil Rights and Emergency Injunctive Relief (Dkt. No. 3) and Emergency Application for Temporary Restraining Order (Dkt. No. 4), both filed on August 26, 2025. Based on the relevant filings and applicable law, the Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction and **DENY** the requests for injunctive relief.

## I. BACKGROUND

Kevin Lynn—alleging that he owns and resides in the property at 3216 Rotan Lane, Dallas, Texas—filed a complaint against Defendants U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCT2 Acquisition Trust; Selene Finance, alleged to be the bank's loan servicer and

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management. (*See* Dkt. Nos. 1, 7.)

foreclosure agent; an unnamed Justice of the Peace of Precinct 5, Dallas County; and the Eviction Division of the Dallas County Sheriff's Department.  Lynn alleges that "Defendants" relied on a defective deed of trust to wrongfully initiate foreclosure proceedings and obtain an eviction order in state court.  (Dkt. No. 3 at 2.)  He further avers that "Defendants' actions constitute deprivation of property without due process of law, in violation of the Fourteenth Amendment of the U.S. Constitution." (*Id.*)  He seeks immediate injunctive relief to prevent the loss of his home.  (*Id.*)  Lynn states that jurisdiction exists under "25 U.S.C. § 1331 and 4-2 U.S.C. § 1933."  (Dkt. No. 3 at 1.)

Because Lynn requests to proceed in forma pauperis ("IFP") in this action, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  Before screening an IFP complaint under 28 U.S.C. § 1915(e), however, the Court should always examine, sua sponte, if necessary, the threshold question of whether it has subject matter jurisdiction.  *See The Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020).

## II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction; or

-2-

(2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, also known as diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The party seeking a federal forum bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Federal question jurisdiction "exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (internal quotation marks omitted). A federal statute or rule need not be cited by name to establish jurisdiction, but the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks omitted). Even if a plaintiff alleges a claim created by or implicating a substantial question of federal law, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.'" *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Regarding diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed

$75,000. *See* 28 U.S.C. § 1332(a). The party asserting jurisdiction must "distinctly and affirmatively allege[ ]" the basis for diversity jurisdiction, and the failure to do so "mandates dismissal." *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (internal quotation marks omitted).

While pleadings by pro se plaintiffs are construed liberally, *see Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass v. McDonald's Corp.*, No. CIV.A.3:04-CV-0483-M, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004). Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a pro se litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, No. 2:00-CV-64, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Also relevant to Lynn's complaint is the *Rooker-Feldman* doctrine, which prohibits federal subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the *Rooker-Feldman* doctrine:

> [F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotation marks and footnotes omitted); *see Spencer v. Wilson*, No. CV 4:18-4563, 2020 WL 822096, at *1 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction.") (quotation marks omitted); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." (quoting *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted))).

There are four elements to the *Rooker-Feldman* doctrine: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284.

## III.  ANALYSIS

**1.  Lynn has not established that subject matter jurisdiction exits.**

Here, Lynn references "25 U.S.C. § & 1331" and "4-2 U.S.C. § & 1933" as the statutory bases for jurisdiction.  Section 1331 of Title 25, United States Code, concerns the approval of contracts or agreements relating to the employment of legal counsel by Indian tribes—it does not confer jurisdiction on federal courts.  And 42 U.S.C. § 1933 does not exist.

Even if Lynn intended instead to cite 28 U.S.C. § 1331—the federal question jurisdiction statute—and 42 U.S.C. § 1983, such citations and a general assertion that his due-process rights were violated in connection with foreclosure proceedings would be insufficient to establish jurisdiction.  Lynn does not allege facts establishing any substantive constitutional or statutory violation, and a "single passing reference" to federal statutes is not "sufficient to support the exercise of federal question jurisdiction."  *See Girard v. CitiMortgage, Inc.*, No. 3:12-CV-4264-N-BF, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013).

Likewise, Lynn's complaint does not establish that subject matter jurisdiction exits on the basis of complete diversity of the parties.  *See* 28 U.S.C. § 1332(a).  Lynn does not allege the citizenship of any defendant and, thus, does not discharge his burden to plead diversity.  And complete diversity is unlikely here, as Lynn—a citizen of Texas—has sued an agency and an official of the State of Texas.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (stating that a district

court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Accordingly, the Court should dismiss Lynn's complaint sua sponte and without prejudice for lack of subject matter jurisdiction.

2. **The *Rooker-Feldman* doctrine justifies dismissal of this lawsuit.**

Lynn's lawsuit also should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. A fair review of Lynn's complaint demonstrates that this lawsuit is simply an impermissible collateral attack on court orders entered in the state-court foreclosure and eviction proceedings. Accordingly, it should be dismissed. *See Jordaan v. Hall*, 275 F. Supp. 2d 778, 788–89 (N.D. Tex. 2003) (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack—in the guise of a federal civil rights action—the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action).

Lynn's pleading and attached documents establish that he lost in state court proceedings involving the foreclosure against, and his eviction from, the subject premises. (*See* Dkt. No. 3 at 2 (alleging that "Defendants initiated foreclosure and obtained an eviction order" and that the justice of the peace "issued an order for Plaintiff's eviction"); Dkt. No. 3 at 3 (warning of eviction order).) He alleges harm caused by the state-court eviction order. (Dkt. No. 3 at 3 at 2 (alleging "immediate and irreparable harm" as a result of the eviction order).) Lynn also alleges that the eviction order was entered on August 26, 2025, apparently prior to his initiation of

this lawsuit. And Lynn's lawsuit, in effect, requests that this Court review and overturn the legal effect of the order evicting him from the premises. All the elements for application of the *Rooker-Feldman* doctrine are met. *See Exxon Mobil Corp.*, 544 U.S. at 284. Lynn can seek appellate review of the state-court orders in state court; this Court is not the proper forum for him to challenge the eviction order. *Vaughns v. Dallas Cnty. JP Cts.*, No. 3:23-CV-1393-K-BK, 2023 WL 5488786, at *2 (N.D. Tex. July 28, 2023) ("[N]o matter her dissatisfaction with the state eviction action, [plaintiff] may not seek recourse in federal court."), *adopted*, 2023 WL 5489052 (N.D. Tex. Aug. 23, 2023).

  Lynn also seeks monetary relief. (*See* Dkt. No. 3 at 2 (seeking an order requiring "Defendants pay the fee of damages and that was lost due to his case").) The *Rooker-Feldman* doctrine does not bar claims for monetary relief that are independent of the state-court judgment. *See, e.g.*, *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 385 (5th Cir. 2022). But it does preclude jurisdiction over claims for monetary relief in which a federal district court necessarily must "review and reject the state court's decision," or when the plaintiff's claims are "inextricably intertwined with a state court judgment." *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017). If the source of injury is the state-court judgment and not an allegedly illegal act or omission by an adverse party, then *Rooker-Feldman* applies. *See Truong*, 717 F.3d at 383.

  Here, Lynn alleges that there was a buyer who wished to purchase the property for $550,000 but that he lost the sale based on Defendants' "fraud," and he

requests compensatory damages and an award for emotional distress. (Dkt. No. 3 at 2.) He does not allege any injury independent of the allegedly fraudulent eviction proceedings. Rather, his claims for monetary relief are "inextricably intertwined" with the Dallas County eviction proceedings, and to award him relief here would require the Court to review and assess whether the judgment against him was properly entered. *See Welsh v. Thorne*, No. 5:21-CV-156-BQ, 2022 WL 21714766, at *7 (N.D. Tex. June 30, 2022) (*Rooker-Feldman* applied when the source of injury was the state court order, and the claims were "inextricably intertwined" with that order), *rec. accepted* 2023 WL 6460502 (N.D. Tex. Oct. 4, 2023); *see also Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 335 (5th Cir. 2011) (*Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested").

## IV.  INJUNCTIVE RELIEF

The absence of subject matter jurisdiction in this case justifies denial of Lynn's emergency motion for temporary restraining order. (Dkt. No. 4.) There also exists an alternative and independent basis for denying the emergency motion. Lynn's motion for ex parte injunctive relief prior to effecting service implicates Fed. R. Civ. P. 65(b)(1). Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Lynn has failed to allege specific facts in an affidavit or a verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result if a temporary restraining order ("TRO") is not issued. In addition, he has not certified in writing that any efforts have been made to give notice to the named defendants and the reasons why notice should not be required before a TRO is issued. Because Lynn has failed to comply with the legal requirements of Rule 65(b)(1), the Court additionally should deny his request for ex parte injunctive relief on that basis.

## V.  RECOMMENDATION

The Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction and **DENY** the emergency motion for temporary restraining order (Dkt. No. 4).

**SO RECOMMENDED** on August 28, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).